*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-260

OCTOBER TERM, 2013

| | |
|---|---|
| In re J.R. | } APPEALED FROM: |
| | } |
| | } Superior Court, Rutland Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 38-5-13 Remh-im |

Trial Judge: Nancy S. Corsones

In the above-entitled cause, the Clerk will enter:

Respondent J.R. appeals an involuntary medication order. On appeal, J.R. argues that the court failed to apply the correct legal standard for determining competence and that the court's factual findings were not sufficient to support its decision that J.R. is not competent to refuse medication. We affirm.

The record reveals the following. In April 2013, J.R. was voluntarily admitted to the psychiatric unit at Rutland Regional Medical Center (RRMC). J.R. has paranoid schizophrenia and maintains a delusion that the Secret Service is following him and persecuting him. A few days after admission, J.R. decided he wanted to leave RRMC and the State filed an application for involuntary treatment. In May 2013, the court issued a commitment order that required J.R. to remain hospitalized for ninety days. The State then petitioned for nonemergency involuntary medication.

At a hearing on the motion, the court granted the State's request to take judicial notice of its order regarding the application for involuntary treatment, issued two weeks previously. The State presented evidence from Dr. Gordon Frankle, J.R.'s treating psychiatrist. The doctor testified that J.R. has a schizoaffective disorder and is not interested in taking medication. J.R. has told the doctor that he will have to be injected with medication. J.R. stated that prior medication caused a side effect known as akathisia, which creates an internal feeling of restlessness. J.R.'s prior medical records indicate that J.R. has been hospitalized three times in the past. Although the records confirm that J.R. has experienced side effects from an anti-psychotic medication, they do not indicate whether other medications were used to ameliorate those effects. Further, the drug that Dr. Frankle recommended had been taken by J.R. in the past without any serious side effects. Dr. Frankle testified that the side effects could be treated. Dr. Frankle stated that he anticipated J.R. would benefit from the medication, and that without medication, J.R. will continue to have psychotic symptoms and is unlikely to improve to a point where he can be discharged from the hospital. Dr. Frankle testified that he did not believe that J.R. has the capacity to understand the benefits and consequences of taking or refusing medication.

J.R. also testified. He stated that he has experienced akathisia and constipation from taking anti-psychotic medication. He did not articulate if he had taken medication to alleviate those side effects. He was unable to articulate if he understood what would happen if he continued to refuse medication.

The court issued a written decision. The court found that Dr. Frankle's testimony was credible and that J.R. continues to suffer from a schizoaffective disorder. The court further found that J.R. has refused to engage with Dr. Frankle in discussing the potential benefits of medication and has simply refused medication. The court found J.R. was not competent to refuse medication and granted the State's request.[*] J.R. appeals.

Before granting a petition for involuntary medication, 28 V.S.A. § 7624, the court must determine by clear and convincing evidence "whether the person is able to make a decision and appreciate the consequences of that decision." 18 V.S.A. § 7625(c). The State has the burden of demonstrating a patient's incompetence by clear and convincing evidence. Id. § 7625(b). If the court finds the patient is competent, then the petition is dismissed and the person may refuse medication. In re L.A., 2006 VT 118, ¶ 8, 181 Vt. 34; see 18 V.S.A. § 7627(d). If the court finds that the patient is incompetent, then the court considers various factors to determine if involuntary medication is appropriate. In re L.A., 2006 VT 118, ¶ 8; see 18 V.S.A. § 7627(c) (listing factors).

On appeal, J.R. argues that the court failed to apply the correct legal standard for determining his competence. J.R. claims that the trial court did not specifically examine how his mental illness affects his decision-making capabilities, but instead simply found incompetence based on his mental illness. J.R. relies on In re L.A., 2006 VT 118, wherein this Court explained that a determination of competence must focus on "the patient's decision-making abilities, as they may or may not be affected by mental illness—not the fact of the patient's diagnosis alone, or the merits of the psychiatrist's medical advice." Id. ¶ 10. J.R. contends that here the court simply found that J.R. was not competent based on his diagnosis without making specific findings about his ability to make decisions or his rational reasons for refusing medication.

There was no error in the court's analysis regarding whether J.R. was competent to refuse medication. The court did not rely solely on J.R.'s diagnosis to conclude that J.R. was incompetent to refuse medication. Instead, the court followed the instruction of In re L.A., which explained that the inquiry for competence is whether a patient can understand the real consequences of a refusal to take medication. Id. ¶ 15. A patient's mental illness is relevant to

---

[*] The order was automatically stayed pending appeal. V.R.F.P. 12(d)(1). The State moved for an injunction to lift the stay. The family court denied the request, explaining that there was no authority in Family Rule 12 or in the mental-health statutes that would allow it to lift the stay pending appeal. On appeal, RRMC has filed an amicus brief and requests that this Court clarify that Vermont Rule of Appellate Procedure 8 allows the superior court by injunction to lift an automatic stay of an involuntary medication order pending an appeal. See V.R.A.P. 8(a) (requiring an initial motion to be filed in the superior court for "an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal"). The State did not appeal from the trial court's denial of the motion for stay and therefore the matter is beyond the scope of this appeal.

the extent that psychotic symptoms affect his decision-making capabilities. Id. ¶ 16. Here, the court properly considered whether J.R. could appreciate the consequences of taking or refusing medication. The court found that J.R. denies he suffers from a mental illness and refuses to engage in a discussion with his doctor about the benefits and drawbacks of medication. J.R.'s refusal to admit his mental illness and to engage in a discussion about the pros and cons of taking medication indicate that his decision-making capabilities are affected by his psychosis and he does not understand the consequences of his refusal. The court sufficiently examined J.R.'s ability to engage in a decision-making process in determining his competency.

Next, J.R. argues that the court did not make sufficient findings of fact to demonstrate that he is incompetent to refuse medication. J.R. contends that the court failed to recognize that J.R. had legitimate reasons for refusing the medication, namely, side effects that he had experienced in the past while on anti-psychotic medication. We uphold the court's findings "as long as there is substantial evidence to support them although they are contradicted by credible evidence." In re E.T., 2008 VT 48, ¶ 6, 184 Vt. 273 (quotation omitted).

Here, the court's findings were supported and sufficient to show J.R. is not competent to refuse medication. The court found that J.R. suffers from a schizoaffective disorder, but does not admit that he is mentally ill. The court further found that J.R. refuses to discuss medication with his doctor. Certainly, J.R. presented a real concern about his past experience with side effects from taking medication, but this alone does not indicate that J.R. was competent to understand the full consequences of failing to take medication. Dr. Frankle acknowledged that J.R.'s concern about side effects was legitimate, but also testified that the side effects were experienced with a different medication and that other medication could be used to ameliorate the side effects. At the hearing, J.R. was unable to engage in answering whether he had tried medication to reduce the side effects or to explain his understanding of what the consequences would be if he failed to take medication. Thus, the court considered J.R.'s legitimate reasons for refusing medication, but was persuaded by other evidence that this concern alone did not demonstrate competence. The evidence, particularly J.R.'s and Dr. Frankle's testimony, supports the court's finding that J.R. could not appreciate the full consequences of a decision to refuse medication.

As a final matter, there remains pending the State's third motion for an injunction pending appeal. The State requests that the automatic stay of the involuntary medication order be lifted pending appeal. The State represents that J.R.'s behavior has grown more violent, including threatening more people, spitting on people, throwing chairs, and throwing hot coffee at and punching a staff member. In support, the State has filed an affidavit from Dr. Frankle. Dr. Frankle avers that J.R. has not improved and remains acutely psychotic, and that without medication J.R. will continue to be acutely psychotic requiring ongoing hospitalization. RRMC has filed a memorandum in support of the motion.

Because this motion was not addressed prior to issuance of a decision, we construe the motion as a request to have our mandate issue immediately. See V.R.A.P. 41(a) ("The Court's mandate will issue 21 days after the entry of judgment or 7 days after entry of an order denying a timely motion for reargument, unless the Court orders otherwise."). Given our affirmance of the trial court's decision, J.R.'s ongoing psychosis, J.R.'s acute need for medication, the increased harm involved in delaying our ruling further and the delay already occasioned by this appeal, the motion is granted.

3

Affirmed; mandate to issue forthwith.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice